# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **SANTOS B. TORRES AND** | § | |
| **GLORIA TORRES** | § | |
|       **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. _____** |
| **STATE FARM LLOYDS** | § | |
|       **Defendant.** | § | |

---

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

---

Defendant State Farm Lloyds ("Defendant") submits this Index of Matters Being Filed and List of All Counsel of Record pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas. Pursuant to the Local Rule 81, the following items are being filed with the filed by Defendant:

1. Index of Matters Being Filed and List of All Counsel of Record;

2. Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

   A. Plaintiffs' Original Petition, filed August 22, 2019 (attached as Exhibit 1-A);

   B. Service to Defendant on September 10, 2019 (attached as Exhibit 1-B);

   C. Defendant's Original Answer and Verified Plea in Abatement, filed on October 4, 2019 (attached as Exhibit 1-C);

3. A copy of the state court docket sheet (attached as Exhibit 1-D).

The parties' respective attorneys are as follows:

A. ATTORNEYS FOR PLAINTIFF:

Mark J. Beausoleil
Attorney at Law
P.O. Box 663
Liberty, Texas 77575
936-336-6275 Phone
936-336-2266 Fax

B. ATTORNEYS FOR DEFENDANT:

Sarah A. Nicolas
Fed. ID No. 32122/State Bar No. 24013543
RAMÓN | WORTHINGTON, PLLC
11940 Jollyville Rd., Suite 125-S
Austin, Texas 78759
(512) 643-6005 - Phone
snicolas@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Sofia A. Ramon
Fed. ID No. 20871/State Bar No. 00784811
Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
RAMÓN | WORTHINGTON, PLLC
11940 Jollyville Rd., Suite 125-S
Austin, Texas 78759
(512) 643-6005 - Phone
efile@ramonwothington.com

Dated: October 8, 2019.

# EXHIBIT 1-A

2019DCV-4222-E

Filed
8/22/2019 2:24 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

09/10/2019

NO. _____

| | | |
|---|---|---|
| SANTOS B. TORRES AND GLORIA TORRES | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| V. | § § | _____ JUDICIAL DISTRICT |
| STATE FARM LLOYDS | § § | |
| Defendant | § § | |
| | § | OF NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Santos B. Torres and Gloria Torres, hereinafter referred to as Plaintiffs, complaining of and about State Farm Lloyds, hereinafter referred to as Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiffs, Santos B. Torres and Gloria Torres, are Individuals whose address is 5921 Lucinda Lane, Corpus Christi, Texas 78412.

3.      Defendant State Farm Lloyds, a Limited Liability Company based in Texas, may be served with process by serving the registered agent of said company, 1251 State St., Ste. 1000, Richardson Texas 75082, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

4.      Venue and jurisdiction are proper in the Court in which this suit was originally filed by

1

09/10/2019

virtue of Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and Nueces County is where all or part of the real property is located.

**FACTS**

5.    On or about July 17, 2017, Defendant issued to Plaintiffs an insurance policy, No. 83-C4-1259-0.  Among other things the policy provided in part that Defendant would indemnify Plaintiffs for any harm caused to Plaintiff's property located at 5921 Lucinda LN, Corpus Christi, Texas 78412-4527.

7.    On August 25, 2017, while the policy was in full force and effect, Plaintiffs suffered the following loss to the property due to hurricane Harvey: extensive exterior and interior damage, including the roof.  The amount of the damage caused by hurricane Harvey is $41,109.03.

8.    On or about August 25, 2017, Plaintiffs notified Defendant of the damage to Plaintiff's property and demanded Defendant to indemnify them for the damage to the property, pursuant to the indemnity provisions of the policy.  Defendant, acted in bad faith in adjusting Plaintiff's claim when they inspected the property to estimate the damage, and subsequently, failed to adequately indemnify the Plaintiffs for the entire scope of the damage based on the adjustment.

9.    As a result of Defendant's bad faith actions and failure to deal fairly with the Plaintiffs, Defendant denied coverage on damage that was due them under a "covered peril" in the insurance policy.  Subsequently, Plaintiffs were deprived the full amount of their loss due under the policy, could not completely repair the property and lost the use and enjoyment of the property due to not having adequate funds to repair the damaged property.

2

09/10/2019

10. Plaintiffs were forced to hire an attorney to demand payment from the Defendant for the damage to the property created by a covered peril in the policy. Plaintiffs sent Defendant a demand for payment in the amount of $41,109.03 minus deductibles and for immediate payment for hurricane Harvey damage to the property. Defendant has failed to attempt in good faith to deal fairly with Plaintiffs to effectuate a prompt, fair, and equitable settlement of the claim when the Defendant's liability, under the policy, has become reasonably clear.

11. Defendant has not indemnified Plaintiffs for the loss more than twenty four months after the loss occurred. Defendant's delay in paying Plaintiff's claim breached their duty of good faith and fair dealing, under the policy, since Defendant has no reasonable cause for the delay and knew or should have known it had no reasonable cause. Under these circumstances, a person or insurance company of ordinary care and prudence would not have delayed payment of the claim for three months. Based on Plaintiff's status as its holder and beneficiary, under the policy, Defendant owed Plaintiffs a duty of good faith and fair dealing.

12. Based on the acts described in this Complaint, Defendant knew that they would cause financial and emotional injury to Plaintiffs, carried out their adjustment of Plaintiff's claim with a conscious disregard of their right to the proceeds of the policy and subjected the Plaintiffs to cruel and unjust hardship in conscious disregard to the Plaintiff's right to the proceeds of the policy.

**FIRST CAUSE OF ACTION**

**(BREACH OF CONTRACT)**

As a cause of action against Defendant, Plaintiffs further allege as follows:

09/10/2019

13    Plaintiffs adopt and incorporates by reference herein paragraphs 1 thru 12 of the Petition
      as set forth in full.

14.   Plaintiffs paid all premiums due under the policy and performed all other conditions the
      policy required them to perform.

15.   Defendant's expressed and/or implied representation to act in good faith and thoroughly
      investigate and process any claims Plaintiffs may make on the policy of insurance with
      Defendant were material to the formation of the contract of insurance with Defendant.

16.   Defendant is in breach of said contract of insurance and, as a result, Plaintiffs have
      incurred monetary damages as aforesaid and Defendant is therefore liable for all damages
      suffered by Plaintiffs.

              Therefore, Plaintiffs seek judgment as prayed for below.

                            **SECOND CAUSE OF ACTION**

              **(BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)**

              As a cause of action against Defendant, Plaintiffs further allege as follows:

17.   Plaintiffs adopt and incorporates by reference herein paragraphs 1 thru 12 of the Petition
      as set forth in full.

18    Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiffs
      would show that in adjusting Plaintiff's claim Defendant acted unreasonably in delaying
      payment of Plaintiff's claim in the following respects:   Defendant has not yet paid
      Plaintiff's claim twenty four after the loss and after Plaintiffs notified Defendant of the
      demand for the estimated damage.

19.    Defendant's delay in paying Plaintiff's damage breached its duty of good faith and fair
       dealing, since it had no reasonable cause for the delay and knew or should have known it

09/10/2019

had no reasonable cause. Under these circumstances, a person of ordinary care and prudence would not have delayed payment of the claim for over twenty four months.

20.   Under the policy and based on Defendant's status as its holder and beneficiary, Defendant owed Plaintiffs a duty of good faith and fair dealing in adjusting and paying Plaintiff's claim for fire damage.

21.   All conditions precedent to Plaintiff's recovery under the policy have been performed.

22.   As a result of Defendant's breach of the policy, Plaintiffs have suffered damages as alleged herein.

Therefore Plaintiffs seek judgment as prayed for below.

**THIRD CAUSE OF ACTION**

**(DECEPTIVE TRADE PRACTICES ACT)**

As a cause of action against Defendant, Plaintiffs further allege as follows:

23.   Plaintiffs adopts and incorporates by reference herein paragraphs 1 thru 12 of the Petition as set forth in full.

24.   Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiffs would show that Plaintiffs are consumers as that term is defined by the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in that Plaintiffs sought and/or acquired by purchase and/or lease goods and/or services from Defendant.

25.   Plaintiffs would further show that their assets do not exceed Twenty-Five Million Dollars ($25,000,000.00) as required for them to be protected by the DTPA.

26.   Plaintiffs would further show that they made written demand for resolution of the claims set forth herein, and that said written demand satisfies the requirements of the DTPA.

27.   Plaintiffs would further show that Defendant's actions, as more fully set forth above,

09/10/2019

constitute violations of Sections 17.50(a)(1), (3), and (4) of the DTPA. Specifically, Defendant breached the express terms of the insurance policy governing Plaintiff's claims and violated Chapter 541 of the Texas Insurance Code by failing to investigate the basis of said claims and pay benefits as set forth in the factual background above. Further, Plaintiffs would show that the above-described conduct further constitutes false, misleading and deceptive acts and practices in violation of Sections 17.46(b)(5) and (12) of the DTPA.

28.    Defendant committed the aforementioned acts knowingly and/or intentionally entitling Plaintiffs to additional damages under the DTPA. Further, Plaintiffs relied on Defendant's representations.

29.    Defendant's acts were a producing cause of Plaintiff's damages.

30.    As a result of Defendant's breach of the policy, Plaintiffs have suffered damages as alleged herein.

Therefore Plaintiffs seek judgment as prayed for below.

## FOURTH CAUSE OF ACTION

## (TEXAS INSURANCE CODE)

As a cause of action against Defendant, Plaintiffs further alleges as follows:

31.    Plaintiffs adopts and incorporates by reference herein paragraphs 1 thru 12 of the Petition as set forth in full.

32.    Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiffs would show that Defendant violated Texas Insurance Code, Section 541.151(1), 541.060(a)(1), (2)(A), (3), and (7), Section 541.061, and Section 541.151(2) by engaging in an unfair and deceptive course of conduct by failing to attempt in good faith to

09/10/2019

effectuate a prompt, fair, and equitable settlement when liability had become reasonably clear, failing to investigate the basis of said claims and pay benefits as set forth in the factual background above, misrepresenting to a claimant a material fact of policy provision relating to coverage, and failing to provide promptly to Plaintiffs a reasonable explanation of the factual and legal basis in the policy for its denial of policy proceeds and its withholding of depreciation, which precluded Plaintiffs from receiving timely benefits. Specifically, Plaintiffs asserts that Defendant failed to promptly pay the amount of loss determined by its adjuster as required by the terms and conditions of the insurance policy, and further that Defendant withheld payments for depreciation, all of the foregoing without conducting a reasonable investigation prior to denying said benefits.

33.   Plaintiffs would further show that they have made written demand for resolution of the claims set forth herein, and that said written demand satisfies the requirements of the Insurance Code.

34.   Defendant committed the aforementioned acts knowingly and/or intentionally entitling Plaintiffs to additional damages under the Texas Insurance Code. Further, Plaintiffs relied on Defendant's representations.

35.   Defendant's acts were a producing cause of Plaintiff's damages.

36.   As a result of Defendant's breach of the policy, Plaintiffs have suffered damages as alleged herein.

Therefore Plaintiffs seek judgment as prayed for below.

**PRAYER FOR RELIEF**

37.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs, were caused to suffer the following damages:

09/10/2019

Plaintiffs pray for judgment as follows:

**A.     First Cause of Action (Breach of Contract)**

On Plaintiff's first cause of action Plaintiffs pray for damages against Defendant:

1.     For $41,109.03 in policy proceeds for actual damages;

2      For emotional distress;

3.     For attorney's fees and costs according to proof;

4.     For such other relief as the Court may deem just.

**B.     Second Cause of Action (Breach of Duty of Good Faith and Fair Dealing)**

On Plaintiff's second cause of action Plaintiffs pray for damages against Defendant:

1.     For $41,109.03 in policy proceeds for actual damages;

2.     For emotional distress;

3.     For punitive damages;

4.     For attorney's fees and costs according to proof;

5.     For such other relief as the Court may deem just.

6.     Eighteen (18%) percent interest for prejudgment interest.

**C.     Third Cause of Action (Deceptive Trade Practices Act)**

On Plaintiff's third cause of action Plaintiffs pray for damages against Defendant:

1.     For $41,109.03 in policy proceeds for actual damages;

2.     For emotional distress;

3.     For punitive damages;

4.     For attorney's fees and costs according to proof;

5.     For such other relief as the Court may deem just.

6.     Eighteen (18%) percent interest for prejudgment interest.

09/10/2019

**D.**     **Fourth Cause of Action (Texas Insurance Code)**

On Plaintiff's fourth cause of action Plaintiffs pray for damages against Defendant:

1.     For $41,109.03 in policy proceeds for actual damages;

2.     For emotional distress;

3.     For punitive damages;

4.     For attorney's fees and costs according to proof;

5.     For such other relief as the Court may deem just.

6.     Eighteen (18%) percent interest for prejudgment interest.

### REQUEST FOR DISCLOSURE

38.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days after service of this request upon each Defendant, the information or material described in Rule 194.2(a) through (l).

### PRAYER

**WHEREFORE, PREMISES CONSIDERED.** Plaintiffs, Santos B. Torres and Gloria Torres, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause. judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

09/10/2019

Respectfully submitted,

By: _____

Mark J. Beausoleil
Attorney at Law
P.O. Box 663, Liberty, Texas 775
Texas Bar No. 00795242
Tel. (936)336-6275
Fax. (936)336-2266
Attorney for Plaintiff
Santos B. Torres and Gloria Torres

**PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY**

# EXHIBIT 1-B

53·1223·B36

COPY 09/10/2019

## Citation for Personal Service – RESIDENT NOTICE (CERTIFIED MAIL)

Case Number: **2019DCV-4222-E**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **State Farm Lloyds**
      **1251 State St Ste 1000**
      **Richardson Texas  75082**
the Defendant,

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition And Request For Disclosures** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Carlos Valdez**, **148th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 22nd day of August, 2019.  A copy of same accompanies this citation.
The file number of said suit being Number:   **2019DCV-4222-E**

The style of the case is: **Santos B. Torres, Gloria Torres vs. State Farm Lloyds**

Said Petition was filed in said court by **Mark J Beausoleil**, attorney for Plaintiff, whose address is Po Box 663 Liberty Texas  77575.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 5th day of September, 2019.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _Nicole Alvarado_ , Deputy
Nicole Alvarado

9/19/2019



**ANNE LORENTZEN**
NUECES COUNTY DISTRICT CLERK
P.O. BOX 2987
CORPUS CHRISTI, TX 78403

THIS ENVELOPE CONTAINS
**IMPORTANT**
LEGAL INSTRUMENTS FOR YOUR SAFEKEEPING



CERTIFIED MAIL

7018 1830 0000 7266 9202



U.S. POSTAGE >> PITNEY BOWES
ZIP 78412 $ 000.80
02 4W
0000346919 SEP 05 2019

09/10/2019

State Farm Lloyds
1251 State St., Ste. 1000
Richardson, Texas 75082



# EXHIBIT 1-C

Filed
10/4/2019 2:05 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO. 2019DCV-4222-E

| | | |
|---|---|---|
| SANTOS B. TORRES AND | § | IN THE DISTRICT COURT |
| GLORIA TORRES | § | |
| | § | 148th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| STATE FARM LLOYDS | § | NUECES COUNTY, TEXAS |

---

### DEFENDANT'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION
### and
### VERIFIED PLEA IN ABATEMENT

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES STATE FARM LLOYDS, the Defendant in the above entitled and numbered cause, and files this its Original Answer to Plaintiffs' Original Petition and Verified Plea in Abatement, and in support thereof respectfully states as follows:

## I.  GENERAL DENIAL

1.     Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiffs' Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

## II.  DEFENSES

2.     Defendant denies that notice and/or proof of loss or claim for damages has been given as required by the Texas Insurance Code. Specifically, Plaintiffs have failed to provide notice as required by TEX. INS. CODE §541.154 and §542A.003. Plaintiffs attempt to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiffs have failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A

of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit. Plaintiffs' pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit. *See* TEX. INS. CODE §541.154(a) and §542A.003. Plaintiffs have failed to provide Defendant notice as required by Chapter 541 and 542A of the Texas Insurance Code.

3.     State Farm Lloyds pleads the limitations on Plaintiffs' possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiffs not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiffs be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply. State Farm Lloyds further pleads all other limitations on Plaintiffs' possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

4.     Defendant pleads TEX. INS. CODE §542A.007(d) and asserts it was not provided, but was entitled to, pre-suit notice regarding attorney's fees and their method of calculation, as set out by TEX. INS. CODE §542A.003(b)(2), at least 61 days before the date the action was filed by claimants, and thus this Defendant seeks the Court deny any award of attorney's fees to Plaintiffs, incurred after the date the Defendant files this pleading with the Court.

5.     Plaintiffs also failed to timely provide the statutorily required notice to Defendant prior to filing this lawsuit, as they failed to serve notice of the specific complaint and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person. TEX. INS. CODE §541.154.

6.     Defendant denies Plaintiffs have performed the conditions precedent to bringing suit. Pursuant to Texas Rule of Civil Procedure 54, and without limitation, Defendant denies that Plaintiffs

have provided proper written notice as required by Insurance Code Chapter 542, and have failed to comply with the terms and provisions of the policy, including but not limited to the Suits Against Us provision, may have failed to protect the property from further damage, and may have failed to make damages claimed in this lawsuit available for inspection. Defendant reserves the right to supplement.

7.      Defendant specifically denies it violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiffs.

8.      Defendant specifically denies it violated Chapter 542 of the Texas Insurance Code as alleged by Plaintiffs.

9.      Defendant specifically denies it violated the Texas Deceptive Trade Practices Act.

10.      Defendant specifically denies it knowingly or intentionally violated the Texas Insurance Code or the Texas Deceptive Trade Practices Act as alleged by Plaintiffs.

11.      Defendant specifically denies that it has breached the policy of insurance issued to Plaintiffs in any respect.

12.      Defendant specifically denies that Plaintiffs' losses covered under their policy of insurance were not fully paid.

13.      Defendant specifically denies that it has breached the duty of good faith and fair dealing in any respect.

14.      Defendant specifically denies that any misrepresentations were made regarding the facts or policy provisions relating to coverage under the policy issued by State Farm to Plaintiffs.

15.      Defendant specifically denies that it made any actionable misrepresentation to Plaintiffs.

16.      Defendant asserts that Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs did not result from, and was not proximately caused by, any wrongful conduct on the part of Defendant.

17.     Accordingly, Plaintiffs have no cause of action against Defendant for which relief can be granted. Such failures include, but are not limited to the following: Plaintiffs' failed to promptly notify Defendant about some or all of the alleged damages, Plaintiffs have specifically failed to prove their alleged damages are losses covered under the policy and/or they have failed to segregate the portion of their alleged damages that are covered from the portion that is not covered.

18.     Defendant asserts Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs in connection with the complained-of transaction was caused by Plaintiffs' own negligence and/or lack of due diligence.

19.     Plaintiffs' causes of action also fail because there exists a bona fide and legitimate dispute between Defendant and Plaintiffs with regard to certain policy provisions and exclusions and the nature, extent and cause of damages.

20.     Defendant specifically denies that liability was reasonably clear.

21.     Defendant further pleads that Plaintiffs are unable to establish by clear and convincing evidence that Defendant acted with malice; therefore, under Section 41.001(7) of the Texas Civil Practices and Remedies Code, Plaintiffs are not entitled to exemplary and/or punitive damages.  *See, e.g., Smith v. O'Donnell*, 288 S.W. 3d 417, 423-424 (Tex. 2009); *see also Dillard Department Stores, Inc. v. Silva*, 148 S.W. 3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung*, 904 S.W. 2d 638, 640-641 (Tex. 1995).

22.     Further, to any extent Plaintiffs seek any recovery of exemplary and/or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendant to substantive and procedural due process as provided in Article 1, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. *See Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 433-434 (2001); *see also BMW Corp. of N. America, Inc. v. Gore*, 517 U.S. 559, 562 (1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings

supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of the evidence. *Cf.* CIV. PRAC. & REM. CODE ANN. § 41.003 (2014) (clear and convincing evidentiary standard).

23.     To the extent Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

24.     With respect to Plaintiffs' claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Chapter 41 of the Texas Civil Practice & Remedies Code. Defendant reserves the right to seek a bifurcation of any punitive damage issues at the trial of this case as permitted by Chapter 41 of the Texas Civil Practice & Remedies Code.

25.     Plaintiffs' claims under Section 542 of the Texas Insurance Code are barred, in whole or in part, because Plaintiffs do not provide a written notice of claim.

26.     Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental, direct, physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental, direct, physical loss during the policy period.

27.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' applicable deductible(s).

28.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Defendant has previously made to or on behalf of Plaintiffs under the policy insuring this property for the same damages claimed in this suit, arising from the claim made the basis of this

lawsuit.

29.     Defendant's liability, if any, is limited to the amount of the policy limits under the policy at issue in this suit, and/or any other clauses contained in the policy sued upon.

30.     Plaintiffs' claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiffs' Original Petition, or latest live pleading, none being admitted, were proximately caused in whole or in part by non-covered losses and/or events and/or at non covered losses by the terms and exclusions of the policy. Specifically, but without limitation, there is no coverage for the replacement of undamaged shingles since there is no accidental direct physical loss.

31.     Defendant hereby also asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, including but not limited to the following:

## SECTION I- LOSSES NOT INSURED

1.      We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

* * *

1.g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

2.c.    Water, meaning:

(1) flood, surface water, waves (including tidal wave, tsunami, and seiche), tides, tidal water, overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;

(2) water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area;

> > (3) water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or
> >
> > (4) material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

> 3.    We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss of any other cause of the loss:

> > b.    defect, weakness, inadequacy, fault or unsoundness in:
> >
> > > (2) design, specifications, workmanship, construction, grading, compaction;
> > >
> > > (3) materials used in construction or repair; or
> > >
> > > (4) maintenance;
> >
> > c.    weather conditions.

32.    Additionally, the Policy provides that actual repair or replacement of the damaged property is a condition precedent to payment of the claim at replacement cost value. To the extent Plaintiffs have failed to make actual repairs or replacement of the damaged property, they are only entitled to recover the actual cash value at the time of loss for the damaged property.  The Policy states as follows:

**SECTION I – LOSS SETTLEMENT**

*   *   *   *   *

> 1.    **A1 – Replacement Cost Loss Settlement – Similar Construction.**

> > a.    We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damages part of the property;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3) to receive any additional payments on a replacement cost basis, you must complete the repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage.**

b. Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A - DWELLING EXTENSION.

33.     Defendant asserts Plaintiffs failed to comply with their Duties After Loss in that they failed to give immediate notice of a loss, to the extent they allege property damage not previously reported.

34.     Under Texas law, Plaintiffs cannot recover consequential damages for breach or repudiation of an insurance policy. *See Standard Fire Insurance Co. v. Fraiman*, 588 S.W. 2d 681, 683 (Tex. Civ. App. – Houston [14[th] Dist.] 1979, writ ref'd n.r.e.); *Gross v. Connecticut General Life Insurance Co.*, 390 S.W. 2d 388, 390 (Tex. Civ. App. – El Paso 1965, no writ); *see also Universe Life Insurance Co. v. Giles*, 950 S.W. 2d 48, 60 (Tex. 1997) (Hecht, J., concurring in judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages").

35.     Defendant also asserts the Suit Against Us provision of the policy which precludes Plaintiffs' suit against Defendant unless there has been compliance with the policy provisions and the action is brought within 2 years and one day after the cause of action accrues.

36.     Plaintiffs' claims are barred, in whole or in part, to the extent that granting the relief alleged by Plaintiffs would result in unjust enrichment.

37.     To the extent Plaintiffs failed to make repairs or replacement paid for by Defendant, Defendant asserts failure to mitigate as an affirmative defense to any exacerbated damage caused as a result.

38.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiffs, persons acting on Plaintiffs' behalf, or third parties for whom Defendant is not legally responsible.

39.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs allege or otherwise seek to invoke the doctrines of waiver or estoppel in this action. The doctrines of waiver and estoppel cannot be used to change, re-write or otherwise enlarge the risks covered by an insurance policy, and may not be used to establish coverage for risks expressly excluded from the insurance policy. *See, e.g., Minnesota Mutual Life Insurance Co. v. Morse*, 487 S.W. 2d 317, 319 (Tex. 1972); *Washington National Insurance Co. v. Craddock*, 109 S.W. 2d 165, 166-167 (Tex. 1937); *Great American Reserve Insurance Co. v. Mitchell*, 335 S.W. 2d 707, 708 (Tex. App. – San Antonio 1960, writ ref'd n.r.e.).

40.     In the alternative, and to the extent, if any, that other persons or entities caused any of the damages supposedly sustained by Plaintiffs, then Defendant was and is subrogated to Plaintiffs' claims against and entitled to reimbursement from all such other persons or entities by virtue of the payment or payments made or to be made by State Farm Lloyds incident to Plaintiffs' insurance claim.

## I.   <u>VERIFIED PLEA IN ABATEMENT</u>

### A.   INTRODUCTION AND BACKGROUND FACTS

41.    On August 22, 2019, Plaintiffs filed an Original Petition against Defendant State Farm Lloyds. Plaintiffs' Original Petition asserts causes of action against State Farm based upon the handling of Claim No. 53-1223-B36, a claim for damage to the Plaintiffs' property located at 5921 Lucinda Ln, Corpus Christi, Texas 78412, as a result of Hurricane Harvey, which occurred on or about August 25, 2017[1].

42.    Plaintiffs' Original Petition seeks damages based on an alleged breach of the insurance contract, alleged violations of the Texas Insurance Code Chapters 541 and 542, and related claims.

43.    Although Plaintiffs' petition alleges that the required notice was provided, such allegation is specifically denied. Plaintiffs filed their Original Petition without providing Defendant the statutory notice required by the Texas Insurance Code.

44.    Abatement of this action is mandatory under TEX. INS. CODE § 542A.005(b), because Plaintiffs failed to comply with Section 541 and 542A.003(b) of the Texas Insurance Code, and Defendant has timely filed this Verified Plea in Abatement less than 30 days after it filed their Original Answer.

### B.   ARGUMENT AND AUTHORITIES

45.    Texas House Bill 1774, which added Chapter 542A to the Texas Insurance Code, became effective for actions filed on or after September 1, 2017.  TEX. INS. CODE § 542A.001, *et seq.*  Chapter 542A applies to a "first-party claim . . . made by an insured under an insurance policy providing coverage for real property or improvements to real property . . . [that] arises from damage or loss of covered policy caused, wholly or partly, by forces of nature, including . . . hail, wind, . . . or a rainstorm." TEX. INS. CODE § 542A.001(2)(A) & (C).  Because Plaintiffs' action was filed after September 1, 2017

---

[1]    *See* Plaintiff's Original Petition, ¶ 7.

and asserts first party insurance claims arising from hurricane damage[2] that allegedly damaged Plaintiffs' residential property, Chapter 542A applies.[3]

46.     In accordance with Texas Insurance Code Section 542A.003, any "person"[4] against whom or which an action is filed to recover damages is entitled to written notice of each claimant's specific complaints against them, the alleged amount of actual damages being sought, and a calculation of attorney's fees purportedly incurred by the claimant as reflected in contemporaneously-kept time records not later than the 61st day before the suit is filed. TEX. INS. CODE § 542A.003 specifically provides:

> **In addition to any other notice required by law or the applicable insurance policy,** not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.
>
> The notice required under this section must provide:
>
> a statement of the acts or omissions giving rise to the claim;
>
> the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>
> the amount of reasonable and necessary attorney's fees **incurred** by the claimant, calculated by multiplying the number of hours **actually worked** by the claimant's attorney, as of the date the notice is given and **as reflected in contemporaneously kept time records**, by an hourly rate that is customary for similar legal services. *Id.* (emphasis added).
>
> Additionally, if the claimants' attorney provides the notice, the attorney must also provide a copy of the notice to the claimant and state in the notice that notice was provided to the claimant. TEX. INS. CODE §542A.003(c).

---

[2]     *See* Plaintiff's Original Petition.
[3]     Texas Insurance Code §542A.
[4]     As defined by Chapter 542A, "'person' means a corporation, association, partnership, or other legal entity or individual." TEX. INS. **CODE** § 542A.001(5).

47.     Giving proper notice under Chapter 542A of the Texas Insurance Code does not relieve a claimant of their "obligation to give notice under any other applicable law."  TEX. INS. CODE §542A.001(f). Thus, providing the notice required by §542A.003 does not relieve a Plaintiffs from providing the notice required by Section 541.154 of the Texas Insurance Code, which contains a similar notice requirement.

48.     Giving timely and proper written notice prior to asserting legal claims under the Texas Insurance Code is no mere formality. Texas courts of appeals have repeatedly recognized the purpose of statutory pre-suit notice requirements are to discourage litigation and encourage settlements of complaints by insureds against their insurer. *See, e.g., In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 7 (Tex. App. – Corpus Christi 2011, orig. proceeding).

49.     Furthermore, the pre-suit notice requirement of the Texas Insurance Code is important because it provides the person who is entitled to proper notice, whether an insurance company or an insurance adjuster, an opportunity "to limit his [or its] damage exposure through an offer of settlement, as contemplated by sections 541.156-.159 of the Insurance Code." *In re Behr*, 2006 WL 468001 at *2-3 (Tex. App. – San Antonio 2006, orig. proceeding) (mem. op.); *see* TEX. INS. CODE §§ 541.156-541.159.  Timely statutory notice also provides the recipient with a statutory window in which to demand an inspection of the property that is the subject of the claim.  TEX. INS. CODE § 542A.004.[5] The statutory opportunity to demand a property inspection allows the insurer to investigate, and possibly resolve, the insured's dispute without the necessity of litigation. *Compare* TEX. INS. CODE § 542A.005(b) (court may abate action to allow property inspection) and § 542A.005(f) (court may not compel participation in an alternative dispute resolution proceeding until after the abatement period has expired).

---

[5]     If an inspection of the property is requested under Texas Insurance Code Section 542A.004, but the party requesting the inspection is not provided a reasonable opportunity to inspect, photograph, or evaluate the property, abatement is also required. TEX. INS. CODE § 542A.004(b)(2).

50.     Plaintiffs failed to provide the proper pre-suit notice. Because Plaintiffs failed to provide Defendant with the required written notice under Sections 542A.003 of the Texas Insurance Code and Section 541.154 of the Texas Insurance Code before they filed suit, this lawsuit must be abated until the 60th day after the date a notice complying with Texas Insurance Code Section 542A.003 and Texas Insurance Code 541.151 is provided. *See* TEX. INS. CODE § 542A.005(e)(1); TEX. INS. CODE. § 541.155(d). Defendant State Farm moves this Court to abate this lawsuit because of the lack of proper, compliant pre-suit notice, as required under the Texas Insurance Code.

51.     As Defendant filed this Verified Plea in Abatement not later than the 30th day after it filed its Original Answer, the abatement of this lawsuit is automatic beginning on the 11th day after Defendant's Verified Plea in Abatement is filed unless Plaintiffs controvert by affidavit Defendant's denial that the proper statutory notice was given before they filed suit. *See* TEX. INS. CODE §542A.005(c); TEX. INS. CODE. § 541.155(d).

### III.     TRCP 193.7 NOTICE

52.     Pursuant to Tex. R. Civ. P. 193.7, Defendant State Farm Lloyds hereby gives notice of its intent to use all documents produced by any party at the time of trial without need for further authentication.

### IV.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds requests judgment of the Court that Plaintiffs take nothing by this suit, that Defendant be awarded costs, and for such other and further relief to which it may show itself justly entitled to receive.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
11940 Jollyville Rd., Suite 125-S
Austin, Texas 78759
Telephone: 512-643-6005
Facsimile: 512-597-9397

_/s/ Sarah A. Nicolas_
Sarah A. Nicolas
State Bar  No. 24013543
snicolas@ramonworthington.com
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com
Stephen W. Bosky
State Bar No, 24087190
sbosky@ramonworthington.com

**Electronic Service to:**
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 4, 2019 a true and correct copy of the foregoing document was served via e-FileTexas.gov to the following:

Mark J. Beausoleil
Attorney at Law
P.O. Box 663
Liberty, Texas 77575
T: 936-336-6275
F: 936-336-2266
Email: mjbeausoleil@gmail.com
**Attorney for Plaintiffs**


*/s/ Sarah A. Nicolas*
Sarah A. Nicolas

STATE OF TEXAS                                    §
COUNTY OF ___*Dallas*___                          §

## VERIFICATION

Before me, the undersigned authority, on this day personally appeared Kiley Clark, known to me to

be the person whose name is subscribed to the foregoing instrument, and a person known by me to

be over the age of eighteen, and on her oath she testified that he has reviewed the facts set forth in

Defendant State Farm Lloyds' Verified Plea in Abatement regarding the lack of notice from Plaintiff

to State Farm Lloyds, and that such facts are within her personal knowledge, based on her review of

relevant documents and notices, and are true and correct.


_____*Kiley Clark*_____
Kiley Clark


Given under my hand and seal of office on this ___*4th*___ day of ___*October*___, 2019.


CALVIN COOLIDGE FLUKER, III.
Notary Public, State of Texas
Comm. Expires 09-07-2020
Notary ID 130811157

Notary Public in and for the State of Texas

# EXHIBIT 1-D

Skip to Main Content Logout My Account Search Menu New Civil & Family Search Refine Search  Back        Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2019DCV-4222-E

| Santos B. Torres,Gloria Torres vs. State Farm Lloyds | § | Case Type: | **Deceptive Trade Practice** |
| | § | Date Filed: | **08/22/2019** |
| | § | Location: | **148th District Court** |
| | § | | |
| | § | | |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds** | **Sarah A Nicolas** |
| | | *Retained* |
| | | 512-643-6005(W) |
| | | |
| **Plaintiff** | **Torres, Gloria** | **Mark J Beausoleil** |
| | | *Retained* |
| | | 936-336-6275(W) |
| | | |
| **Plaintiff** | **Torres, Santos B.** | **Mark J Beausoleil** |
| | | *Retained* |
| | | 936-336-6275(W) |

### EVENTS & ORDERS OF THE COURT

|  | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 08/22/2019 | **Original Petition (OCA)** | | |
| 08/22/2019 | **Original Petition Documents E-filed** | | |
| | *Plaintiff's Original Petition and Request for Disclosures* | | |
| 08/22/2019 | **Service Request Information Sheet** | | |
| | *Serv Requested* | | |
| 08/23/2019 | **Jury Fee Paid** | | |
| 09/05/2019 | **Citation** | | |
| | State Farm Lloyds | Returned Unserved  09/13/2019 | |
| | | Returned | 09/13/2019 |
| 10/04/2019 | **Original Answer** | | |
| | *Defendant's Answer to Plaintiffs' Original Petition and Verified Plea in Abatement* | | |

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Torres, Santos B. | | |
| | Total Financial Assessment | | 454.00 |
| | Total Payments and Credits | | 449.00 |
| | **Balance Due as of 10/07/2019** | | **5.00** |
| | | | |
| 08/23/2019 | Transaction Assessment | | 449.00 |
| 08/23/2019 | E-file Payment | Receipt # 2019-14015-DCCLK | Torres, Santos B. | (449.00) |
| 08/23/2019 | Transaction Assessment | | 5.00 |